UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 07-61-B-W-02 |
| | ) |
| ROBERTO RODRIGUEZ, | ) |
| | ) |
| Defendant | ) |

ORDER OF REVOCATION AND DETENTION

In accordance with the Bail Reform Act, 18 U.S.C. § 3148(b)(1)-(2), a hearing on revocation and detention was held on Tuesday, April 01, 2008, at 12 noon on the government's motion to revoke release of Defendant Roberto Rodriguez in the above matter. Magistrate Judge Kravchuck issued an Order Setting Conditions of Release on October 1, 2007, and amended it on February 13, 2008. Defendant is currently on bail awaiting trial these charges.

Based upon the evidence presented at the hearing I found clear and convincing evidence that the defendant has violated the amended conditions of his release, condition 7(k), by refusing to obtain mental health treatment and counseling to the satisfaction of pretrial services. The refusal occurred in the context of Rodriguez being advised that he had to remain in the hospital as an inpatient following an incident relating to his ingestion of substances in a gesture aimed at ending his own life. Rodriguez refused to comply with treatment and according to the Rhode Island pretrial services officer who was supervising the release conditions, hospital officials were forced to temporarily civilly commit him in order to obtain mental health treatment. I find this to have been a violation of his pretrial release.

At the hearing the Government also alleged, for the first time, that defendant had violated condition 7(p) because he had unlawfully used a controlled substance. This allegation was based upon hearsay information conveyed this morning from defendant's girlfriend to Officer Pletcher of Rhode Island pretrial services to Wade Maddox who testified at the hearing. According to Maddox, Rodriguez's suicide gesture had consisted of taking Benadryl pills along with cough syrup with codeine. There is no evidence whether the Benadryl or the cough syrup is a controlled substance or an over the counter medication. Furthermore, if it was prescription cough syrup, it may have been properly prescribed to defendant. In my view there is simply a lack of clear and convincing evidence that would support a finding of a violation as to this second allegation.

Nevertheless I have found the defendant violated condition # 7(k) as alleged in the original motion to revoke pretrial release. This case is quite a difficult one because the defendant has apparently been compliant with his conditions of release until he learned that the charges now carry a 10 year mandatory minimum sentence. It was at the time he learned of the enhanced penalty that he became more depressed and started to speak of suicide. While his suicide gesture in this instance does not appear to have been one that had much likelihood of success, it does reveal his current level of stress and agitation, understandably so, over the enhanced charges. If the defendant pleads guilty or is convicted of these charges, he faces immediate imprisonment pending sentencing. His trial is now scheduled for May 6, 2008. My concern is that based upon recent events there is a greater likelihood that defendant will not appear as required for trial. While it is this court's obligation to impose the least restrictive available conditions, I do not have available to me any conditions in addition to the ones I have already imposed and which

have not been successful in eliminating a serious risk of nonappearance.  Therefore, I believe that I must order the defendant detained for the brief period between now and his trial date.  I have instructed pretrial services to monitor Rodriguez during this period and to attempt to assist his custodians with any mental health treatment that might be available while incarcerated prior to trial, including the services of an interpreter if necessary.

Give these facts, I find that it is unlikely the Defendant will abide by any condition or combination of conditions imposed by this court.

It is therefore, <u>ORDERED</u>, that the conditions of release previously entered in the matter be revoked.  Defendant shall be detained pending trial.

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of appearing in connection with a court proceeding.

*So Ordered.*

April 2, 2008

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge